**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| LANITA SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     No. |
| | ) |
| KOHL'S INC., a Delaware corporation, | ) |
| KIN, INC., a Nevada corporation, and | ) |
| KOHL'S ILLINOIS, INC., a Nevada | ) |
| Corporation | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT

### COUNT I
### (Negligence v. KOHL'S INC.)

NOW COMES Plaintiff, LANITA SIMMONS, by and through her attorneys, THE LAW OFFICE OF KEVIN P. JUSTEN, P.C., and complaining of the Defendant, KOHL'S, INC., a Delaware corporation, states as follows:

1.    This Court has jurisdiction of this matter based upon diversity of citizenship as contained in 28 United States Code, § 1332, in that the Plaintiff, LANITA SIMMONS, is a citizen of the State of Illinois and that the Defendant, KOHL'S, INC., is incorporated in the State of Delaware, and its principal place of business is N56N17000 Ridgewood Drive, Menomonee Falls, Wisconsin, and thus is a resident and citizen of the State of Wisconsin. The matter in controversy exceeds exclusive of interest and costs the sum of $75,000.00.

2.    That on or about July 8, 2021, the Plaintiff, LANITA SIMMONS, resided at 3280 Red Adler Avenue, Huntley, Illinois, thus is a citizen and resident of Illinois.

3.    That on or about July 8, 2021, the Defendant, KOHL'S, INC., a Delaware

corporation, was operating at the commonly known address of 3000 Spring Hill Ring Road, West Dundee, IL 60118.

4.      That at the aforementioned time, and date and for a long time prior thereto, the Defendant, KOHL'S, INC., a Delaware corporation, opened its doors to the public and was open on the date in question, July 8, 2021.

5.      That on or about July 8, 2021, Plaintiff was lawfully on the premises located at 3000 Spring Hill Ring Road, West Dundee, IL 60118.

6.      That on or about July 8, 2021, the Defendant, KOHL'S, INC., a Delaware corporation, leased, owned, controlled, maintained and possessed said premises.

7.      That on or about July 8, 2021, the Plaintiff was a customer at Defendant's store located at said premises, and utilized the changing room available to Defendant's patrons.

8.      The floor in the Kohl's store consisted of tiled aisles and carpeted display areas.

9.      That on or about July 8, 2021, upon walking across the wet carpeting to the titled aisles, the Plaintiff slipped and fell on the wet floor, and suffered serious injury.

10.      At that time and place, Defendant had a duty to exercise ordinary care in the care, custody, control, maintenance and inspection of the premises, including, but not limited to making the changing room safe for Plaintiff's use.

11.      Despite the foresaid duty, Defendant failed to exercise ordinary care in the care, custody, control, maintenance, operation, and inspection of the premises.

12.      At that moment, Defendant became guilty of the following negligent acts, failures, and omissions:

    a.      Defendant failed to dry the wet carpeting/floor;

    b.      Defendant failed to inspect the area around the area in adequate time to identify the wet carpet/floor;

- 2 -

c.     Defendant failed to establish a system of inspection that would have identified the wet carpet/floor in time to dry the wet carpet/floor;

d.     Defendant failed to install anti-slip mats or such other anti-slip devices;

e.     Defendant permitted customers to use the area when it knew or should have known the condition of the area posed an unreasonable risk of harm to Plaintiff; and

f.     Defendant was otherwise negligent in the control, operation, maintenance, and inspection of its premises.

13.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious personal injuries. Plaintiff was and will be hindered and prevented from attending to his usual and customary affairs and duties. Plaintiff has also suffered a great deal of pain and anguish, in both mind and body, and will continue to suffer in the future. Plaintiff has further spent become liable for, and will continue to spend and become liable for, large sums of money for medical care and services attempting to heal and cure her injuries.

WHEREFORE, the Plaintiff, LANITA SIMMONS, by and through her attorneys, THE LAW OFFICE OF KEVIN P. JUSTEN, P.C., prays for judgment against the Defendant, KOHL'S, INC., a Delaware corporation, in an amount in excess of $75,000.00, plus costs of suit.

## COUNT II
**(Premises Liability Act (740 ILCS 130/2) vs. KOHL'S, INC.)**

NOW COMES Plaintiff, LANITA SIMMONS, by and through her attorneys, THE LAW OFFICE OF KEVIN P. JUSTEN, P.C., and complaining of the Defendant, KOHL'S, INC., a Delaware corporation, states as follows:

1.     At all times relevant to this Complaint, Defendant was a corporation authorized to do business in the State of Illinois, with an location at 3000 Spring Hill Ring Road, West Dundee, Illinois 60118.

2.     On or about July 8, 2021, Plaintiff was lawfully on the premises located at 3000 Spring Hill Ring Road, West Dundee, IL 60118.

3.     On that date, Defendant, owned, operated, and/or controlled said premises.

4.     On that date, Plaintiff was a custody at Defendant's store located at said premises, and utilized the changing room available to Defendant's patrons.

5.     Upon walking across the wet carpeting from the changing room to the tiled aisles, Plaintiff slipped and fell on the floor, and suffered serious injury.

6.     At that time and place, Defendant had a duty to exercise ordinary care in the care, custody, control, maintenance, operation, and inspection of the premises, including but not limited to, making the area around the changing room safe for Plaintiff's use.

7.     Despite the aforesaid duty, Defendant failed to exercise ordinary care in the care, custody, control, maintenance, operation and inspection of the premises.

8.     Defendant knew, or in the exercise of ordinary care, should have known, of the dangerous condition posed by the wet carpeting/floor on the premises.

9.     At that moment, Defendant became guilty of the following negligent acts, failures, and omissions:

   a.     Defendant failed to dry the wet carpeting/floor when Defendant, by and through its agents, employees or representatives, knew or should have known the carpeting/floor was wet;

   b.     Defendant failed to inspect the area around the area in adequate time to identify the wet carpeting/floor;

- 4 -

    c.      Defendant failed to establish a system of inspection that would have identified the wet carpeting/floor in time to dry the wet carpeting/floor;

    d.      Defendant failed to install anti-slip mats or such other anti-slip devices;

    e.      Defendant permitted customers to use the area when it knew or should have known the condition of the wet carpeting posed an unreasonable risk of harm to Plaintiff; and

    f.      Defendant was otherwise negligent in the control, operation, maintenance, and inspection of its premises.

10.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious personal injuries. Plaintiff was and will be hindered and prevented from attending to her usual and customary affairs and duties. Plaintiff has also suffered a great deal of pain and anguish, in both mind and body, and will continue to suffer in the future. Plaintiff has further spent and become liable for, and will continue to spend and become liable for, large sums of money for medical care and services attempting to heal and cure her injuries.

WHEREFORE, the Plaintiff, LANITA SIMMONS by and through her attorneys, THE LAW OFFICE OF KEVIN P. JUSTEN, P.C., prays for judgment against the Defendant, KOHL'S, INC., a Delaware corporation, in an amount in excess of $75,000.00, plus costs of suit.

## COUNT III
### (Negligence v. KIN, INC.)

NOW COMES Plaintiff, LANITA SIMMONS, by and through her attorneys, THE LAW OFFICE OF KEVIN P. JUSTEN, P.C., and complaining of the Defendant, KIN, INC., a Nevada corporation, states as follows:

1.     This Court has jurisdiction of this matter based upon diversity of citizenship as contained in 28 United States Code, § 1332, in that the Plaintiff, LANITA SIMMONS, is a citizen of the State of Illinois and that the Defendant, KIN, INC., is incorporated in the State of

Nevada, and its principal place of business is N56N17000 Ridgewood Drive, Menomonee Falls, Wisconsin, and thus is a resident and citizen of the State of Wisconsin. The matter in controversy exceeds exclusive of interest and costs the sum of $75,000.00.

2.     That on or about July 8, 2021, the Plaintiff, LANITA SIMMONS, resided at 3280 Red Adler Avenue, Huntley, Illinois, thus is a citizen and resident of Illinois.

3.     That on or about July 8, 2021, the Defendant, KIN, INC., a Nevada corporation, was operating at the commonly known address of 3000 Spring Hill Ring Road, West Dundee, IL 60118.

4.     That at the aforementioned time, and date and for a long time prior thereto, the Defendant, KIN, INC., a Nevada corporation, opened its doors to the public and was open on the date in question, July 8, 2021.

5.     That on or about July 8, 2021, Plaintiff was lawfully on the premises located at 3000 Spring Hill Ring Road, West Dundee, IL 60118.

6.     That on or about July 8, 2021, the Defendant, KIN, INC., a Nevada corporation, leased, owned, controlled, maintained and possessed said premises.

7.     That on or about July 8, 2021, the Plaintiff was a customer at Defendant's store located at said premises, and utilized the changing room available to Defendant's patrons.

8.     The floor in the Kohl's store consisted of tiled aisles and carpeted display areas.

9.     That on or about July 8, 2021, upon walking across the wet carpeting to the titled aisles, the Plaintiff slipped and fell on the wet floor, and suffered serious injury.

10.    At that time and place, Defendant had a duty to exercise ordinary care in the care, custody, control, maintenance and inspection of the premises, including, but not limited to making the changing room safe for Plaintiff's use.

- 6 -

11.     Despite the foresaid duty, Defendant failed to exercise ordinary care in the care, custody, control, maintenance, operation, and inspection of the premises.

12.     At that moment, Defendant became guilty of the following negligent acts, failures, and omissions:

a.      Defendant failed to dry the wet carpeting/floor;

b.      Defendant failed to inspect the area around the area in adequate time to identify the wet carpet/floor;

c.      Defendant failed to establish a system of inspection that would have identified the wet carpet/floor in time to dry the wet carpet/floor;

d.      Defendant failed to install anti-slip mats or such other anti-slip devices;

e.      Defendant permitted customers to use the area when it knew or should have known the condition of the area posed an unreasonable risk of harm to Plaintiff; and

f.      Defendant was otherwise negligent in the control, operation, maintenance, and inspection of its premises.

13.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious personal injuries. Plaintiff was and will be hindered and prevented from attending to his usual and customary affairs and duties. Plaintiff has also suffered a great deal of pain and anguish, in both mind and body, and will continue to suffer in the future. Plaintiff has further spent become liable for, and will continue to spend and become liable for, large sums of money for medical care and services attempting to heal and cure her injuries.

WHEREFORE, the Plaintiff, LANITA SIMMONS, by and through her attorneys, THE LAW OFFICE OF KEVIN P. JUSTEN, P.C., prays for judgment against the Defendant, KIN, INC., a Nevada corporation, in an amount in excess of $75,000.00, plus costs of suit.

**COUNT IV**
**(Premises Liability Act (740 ILCS 130/2) vs. KIN, Inc.)**

NOW COMES Plaintiff, LANITA SIMMONS, by and through her attorneys, THE LAW OFFICE OF KEVIN P. JUSTEN, P.C., and complaining of the Defendant, KIN, INC., a Nevada corporation, states as follows:

1.    At all times relevant to this Complaint, Defendant was a corporation authorized to do business in the State of Illinois, with an location at 3000 Spring Hill Ring Road, West Dundee, Illinois 60118.

2.    On or about July 8, 2021, Plaintiff was lawfully on the premises located at 3000 Spring Hill Ring Road, West Dundee, IL 60118.

3.    On that date, Defendant, owned, operated, and/or controlled said premises.

4.    On that date, Plaintiff was a custody at Defendant's store located at said premises, and utilized the changing room available to Defendant's patrons.

5.    Upon walking across the wet carpeting from the changing room to the tiled aisles, Plaintiff slipped and fell on the floor, and suffered serious injury.

6.    At that time and place, Defendant had a duty to exercise ordinary care in the care, custody, control, maintenance, operation, and inspection of the premises, including but not limited to, making the area around the changing room safe for Plaintiff's use.

7.    Despite the aforesaid duty, Defendant failed to exercise ordinary care in the care, custody, control, maintenance, operation and inspection of the premises.

8.    Defendant knew, or in the exercise of ordinary care, should have known, of the dangerous condition posed by the wet carpeting/floor on the premises.

- 8 -

9.     At that moment, Defendant became guilty of the following negligent acts, failures, and omissions:

a.     Defendant failed to dry the wet carpeting/floor when Defendant, by and through its agents, employees or representatives, knew or should have known the carpeting/floor was wet;

b.     Defendant failed to inspect the area around the area in adequate time to identify the wet carpeting/floor;

c.     Defendant failed to establish a system of inspection that would have identified the wet carpeting/floor in time to dry the wet carpeting/floor;

d.     Defendant failed to install anti-slip mats or such other anti-slip devices;

e.     Defendant permitted customers to use the area when it knew or should have known the condition of the wet carpeting posed an unreasonable risk of harm to Plaintiff; and

f.     Defendant was otherwise negligent in the control, operation, maintenance, and inspection of its premises.

10.    As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious personal injuries. Plaintiff was and will be hindered and prevented from attending to her usual and customary affairs and duties. Plaintiff has also suffered a great deal of pain and anguish, in both mind and body, and will continue to suffer in the future. Plaintiff has further spent and become liable for, and will continue to spend and become liable for, large sums of money for medical care and services attempting to heal and cure her injuries.

WHEREFORE, the Plaintiff, LANITA SIMMONS by and through her attorneys, THE LAW OFFICE OF KEVIN P. JUSTEN, P.C., prays for judgment against the Defendant, KIN, INC., a Nevada corporation, in an amount in excess of $75,000.00, plus costs of suit.

## COUNT V
### (Negligence v. KOHL'S ILLINOIS, INC.)

NOW COMES Plaintiff, LANITA SIMMONS, by and through her attorneys, THE LAW OFFICE OF KEVIN P. JUSTEN, P.C., and complaining of the Defendant, KOHL'S ILLINOIS, INC., a Nevada corporation, states as follows:

1. This Court has jurisdiction of this matter based upon diversity of citizenship as contained in 28 United States Code, § 1332, in that the Plaintiff, LANITA SIMMONS, is a citizen of the State of Illinois and that the Defendant, KOHL'S ILLINOIS, INC., is incorporated in the State of Nevada, and its principal place of business is N56N17000 Ridgewood Drive, Menomonee Falls, Wisconsin, and thus is a resident and citizen of the State of Wisconsin. The matter in controversy exceeds exclusive of interest and costs the sum of $75,000.00.

2. That on or about July 8, 2021, the Plaintiff, LANITA SIMMONS, resided at 3280 Red Adler Avenue, Huntley, Illinois, thus is a citizen and resident of Illinois.

3. That on or about July 8, 2021, the Defendant, KOHL'S ILLINOIS, INC., a Nevada corporation, was operating at the commonly known address of 3000 Spring Hill Ring Road, West Dundee, IL 60118.

4. That at the aforementioned time, and date and for a long time prior thereto, the Defendant, KOHL'S ILLINOIS, INC., a Nevada corporation, opened its doors to the public and was open on the date in question, July 8, 2021.

5. That on or about July 8, 2021, Plaintiff was lawfully on the premises located at 3000 Spring Hill Ring Road, West Dundee, IL 60118.

6.     That on or about July 8, 2021, the Defendant, KOHL'S ILLINOIS, INC., a Nevada corporation, leased, owned, controlled, maintained and possessed said premises.

7.     That on or about July 8, 2021, the Plaintiff was a customer at Defendant's store located at said premises, and utilized the changing room available to Defendant's patrons.

8.     The floor in the Kohl's store consisted of tiled aisles and carpeted display areas.

9.     That on or about July 8, 2021, upon walking across the wet carpeting to the titled aisles, the Plaintiff slipped and fell on the wet floor, and suffered serious injury.

10.     At that time and place, Defendant had a duty to exercise ordinary care in the care, custody, control, maintenance and inspection of the premises, including, but not limited to making the changing room safe for Plaintiff's use.

11.     Despite the foresaid duty, Defendant failed to exercise ordinary care in the care, custody, control, maintenance, operation, and inspection of the premises.

12.     At that moment, Defendant became guilty of the following negligent acts, failures, and omissions:

   a.     Defendant failed to dry the wet carpeting/floor;

   b.     Defendant failed to inspect the area around the area in adequate time to identify the wet carpet/floor;

   c.     Defendant failed to establish a system of inspection that would have identified the wet carpet/floor in time to dry the wet carpet/floor;

   d.     Defendant failed to install anti-slip mats or such other anti-slip devices;

   e.     Defendant permitted customers to use the area when it knew or should have known the condition of the area posed an unreasonable risk of harm to Plaintiff; and

   f.     Defendant was otherwise negligent in the control, operation, maintenance, and inspection of its premises.

- 11 -

13.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious personal injuries. Plaintiff was and will be hindered and prevented from attending to his usual and customary affairs and duties. Plaintiff has also suffered a great deal of pain and anguish, in both mind and body, and will continue to suffer in the future. Plaintiff has further spent become liable for, and will continue to spend and become liable for, large sums of money for medical care and services attempting to heal and cure her injuries.

WHEREFORE, the Plaintiff, LANITA SIMMONS, by and through her attorneys, THE LAW OFFICE OF KEVIN P. JUSTEN, P.C., prays for judgment against the Defendant, KOHL'S ILLINOIS, INC., a Nevada corporation, in an amount in excess of $75,000.00, plus costs of suit.

### COUNT VI
### (Premises Liability Act (740 ILCS 130/2) vs. KOHL'S ILLINOIS, INC.)

NOW COMES Plaintiff, LANITA SIMMONS, by and through her attorneys, THE LAW OFFICE OF KEVIN P. JUSTEN, P.C., and complaining of the Defendant, KOHL'S ILLINOIS, INC., a Nevada corporation, states as follows:

1.     At all times relevant to this Complaint, Defendant was a corporation authorized to do business in the State of Illinois, with an location at 3000 Spring Hill Ring Road, West Dundee, Illinois 60118.

2.     On or about July 8, 2021, Plaintiff was lawfully on the premises located at 3000 Spring Hill Ring Road, West Dundee, IL 60118.

3.     On that date, Defendant, owned, operated, and/or controlled said premises.

4.     On that date, Plaintiff was a custody at Defendant's store located at said premises, and utilized the changing room available to Defendant's patrons.

- 12 -

5.     Upon walking across the wet carpeting from the changing room to the tiled aisles, Plaintiff slipped and fell on the floor, and suffered serious injury.

6.     At that time and place, Defendant had a duty to exercise ordinary care in the care, custody, control, maintenance, operation, and inspection of the premises, including but not limited to, making the area around the changing room safe for Plaintiff's use.

7.     Despite the aforesaid duty, Defendant failed to exercise ordinary care in the care, custody, control, maintenance, operation and inspection of the premises.

8.     Defendant knew, or in the exercise of ordinary care, should have known, of the dangerous condition posed by the wet carpeting/floor on the premises.

9.     At that moment, Defendant became guilty of the following negligent acts, failures, and omissions:

   a.    Defendant failed to dry the wet carpeting/floor when Defendant, by and through its agents, employees or representatives, knew or should have known the carpeting/floor was wet;

   b.    Defendant failed to inspect the area around the area in adequate time to identify the wet carpeting/floor;

   c.    Defendant failed to establish a system of inspection that would have identified the wet carpeting/floor in time to dry the wet carpeting/floor;

   d.    Defendant failed to install anti-slip mats or such other anti-slip devices;

   e.    Defendant permitted customers to use the area when it knew or should have known the condition of the wet carpeting posed an unreasonable risk of harm to Plaintiff; and

   f.    Defendant was otherwise negligent in the control, operation, maintenance, and inspection of its premises.

10.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious personal injuries.  Plaintiff was and will be hindered and prevented from attending to her

- 13 -

usual and customary affairs and duties. Plaintiff has also suffered a great deal of pain and anguish, in both mind and body, and will continue to suffer in the future. Plaintiff has further spent and become liable for, and will continue to spend and become liable for, large sums of money for medical care and services attempting to heal and cure her injuries.

WHEREFORE, the Plaintiff, LANITA SIMMONS by and through her attorneys, THE LAW OFFICE OF KEVIN P. JUSTEN, P.C., prays for judgment against the Defendant, KOHL'S ILLINOIS, INC., a Nevada corporation, in an amount in excess of $75,000.00, plus costs of suit.

LANITA SIMMONS, Plaintiff

THE LAW OFFICE OF KEVIN P. JUSTEN, P.C.

By: _____
　　　KEVIN P. JUSTEN

Kevin P. Justen - #6256164
The Law Office of Kevin P. Justen, P.C.
4302 W. Crystal Lake Road, Suite D
McHenry, Illinois 60050
Telephone 815/759-1500
Telefax 815/581-8100
Patti@JustenLaw.com

- 14 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| LANITA SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| KOHL'S ILLINOIS, INC, | ) | |
| a Nevada corporation | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT

I, LANITA SIMMONS, being first duly sworn on oath, testify and state as follows:

1.    I am of legal age and competent to make this Affidavit.

2.    I have read and understand the allegations contained in the attached Complaint.

3.    I was seriously injured as a result of the July 8, 2021, incident and have

sustained damages exceeding $75,000.00.

FURTHER, AFFIANT SAYETH NAUGHT.

_____
LANITA SIMMONS

Subscribed and Sworn to before me this
___9th___ day of ___SEPTEMBER___, 2021

_____
NOTARY PUBLIC

> OFFICIAL SEAL
> PATRICIA A SCHMITT
> NOTARY PUBLIC, STATE OF ILLINOIS
> MY COMMISSION EXPIRES: 7/26/2025

Kevin P. Justen - #6256164
The Law Office of Kevin P. Justen
4302 W. Crystal Lake Road, Suite D
McHenry, IL 60050
Telephone 815/759-1500
Telefax 815/331-2876
Patti@JustenLaw.com